Defendants' contentions of errors committed by us are merely a restatement of their position in the district court and in this court on former hearings save and except they now contend that we "erred in not returning the case to the District Court for the purpose of permitting the placing of the call in warranty against William Mack Smith, Maud Smith's divorced husband, at issue so he could be forced to make a defense, if he had one."
In answer to the latter contention of error, we note that the record discloses that in accordance with the supplemental answer of defendant Tony Marino, and an order issued thereunder allowing a call in warranty on his behalf, William Mack Smith, on April 24, 1941, was duly served with a copy of plaintiff's petition, the answers of defendant Marino and the order calling him in warranty. The case was set for trial for June 2, 1943, some two years after service on William Mack Smith. On the day set for trial, that is, June 2, 1943, defendant Marino moved for a continuance for the reason that the matter was not at issue in so far as William Mack Smith, warrantor, was concerned, which motion for continuance was overruled, thereupon counsel for Marino moved for a preliminary default. Defendants filed a supplemental and amended answer, and the trial proceeded. On September 10, 1945, some two years after trial, reasons for judgment were handed down by the trial judge. On September 12, 1945, a motion for new trial was filed. In this motion for new trial defendants do not complain of the trial court overruling their motion for continuance. The final judgment was rendered on December 5, 1945, hence this appeal. Before this court, defendants again made no complaint as to the ruling of the lower court. This is their first demand for a remand of the cause.
[1,2] We feel that this demand now comes too late. However, admitting that it is in time, we feel that it is not well taken. A call in warranty is a demand incidental to the suit, and must be determined with it. The delay granted the warrantor is the same delay granted any defendant. In our case, the delay had long expired prior to the fixing of the case for trial. Warrantor William Mack Smith did not choose to answer and make a defense. We seriously doubt, since the call in warranty is an incidental demand, that an answer or issue joined is necessary after the delays have expired in order to put the matter at issue, but conceding that issue must be joined, we have in this case the entering of a preliminary default duly taken long prior to the rendition of the judgment.
[3] Moreover, in their application for rehearing, like in all other pleadings and briefs, the defendants do not pray that the cause be remanded, but only pray that a rehearing be granted in order that the opinion rendered be reversed and that plaintiff's suit be dismissed. *Page 392 
[4] The failure of the warrantor, William Mack Smith, in not appearing to defend the demand, forecloses any special defense he may have had, and defendant Marino is relegated to an action against the warrantor to recover one-half of the purchase price and any other damages he may have sustained by virtue of the warranty in his deed of purchase.
Application of defendants for rehearing is denied.